In the Matter of LEO X. MALLAVARAPU et al., Respondents, v. BOARD OF ASSESSMENT REVIEW, TOWN OF RAMAPO, et al., Appellants.— In a proceeding pursuant to article 7 of the Real Property Tax Law to review real estate assessments for taxation, in which a declaratory judgment is also sought, the appeal is from an order of the Supreme Court, Rockland County, dated October 3, 1972, which appointed a Referee to hear and report upon the issues. Order affirmed, without costs. While generally an order of reference to hear and report is not appealable, the rule should not apply at bar in view of the facts and circumstances herein (see *New York Tel. Co.* v. *Holden*, 35 A D 2d 835, app. dsmd. 28 N Y 2d 714). At issue was whether petitioners had to comply with a rule of this court (22 NYCRR 678.3) requiring that, if property under tax assessment review be income producing, the proceeding shall not be added to any tax certiorari calendar until the petitioner shall have submitted to the clerk of the Special Term a certificate from the political entity involved stat-

ing that it has completed its audit of the petitioner's books and records or that it has waived such audit. The rule further provides that, if the property be not income producing, the tax assessment review proceeding may be added to the calendar without any certificate as to audit from the political subdivision involved. In our opinion, it was thus necessary for Special Term to determine whether the nature of the property required compliance with the rule that there be an audit or a waiver. The condominium units owned by petitioners are not income producing property and are therefore not within the scope of the audit or waiver requirement. Special Term apparently also ruled to this effect, i. e., correctly, by ordering the reference. Hopkins, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.